UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM M.,[1]

                            Plaintiff,          Case # 23-CV-463-FPG

v.                                                                   DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.
_____

## INTRODUCTION

Plaintiff William M. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 7, 10. For the reasons that follow, the Commissioner's motion is GRANTED, and Plaintiff's motion is DENIED.

## BACKGROUND

In June 2019, Plaintiff applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 210. He alleged disability since September 2017. Tr. 211. In February 2022, Administrative Law Judge Stephen Cordovani ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 57-73. In April 2023, the Appeals Council denied Plaintiff's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 4.

1

**LEGAL STANDARD**

## I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted).

## II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 60. At step two, the ALJ found that Plaintiff has several severe impairments. *Id.* At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any Listings impairment. Tr. 61.

Next, the ALJ determined that Plaintiff retained the RFC to perform a reduced range of light work. *Id.* At step four, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 70. At step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. 71. Accordingly, the ALJ concluded that Plaintiff is not disabled. Tr. 73.

## II.  Analysis

Plaintiff argues that remand is warranted on two grounds. The Court analyzes each ground in turn.

### a. Dr. Huckell's Opinion

Plaintiff argues that the ALJ failed to sufficiently explain his analysis of the medical opinion of treating physician Cameron Huckell, M.D. ECF No. 7-1 at 11-17. Plaintiff's argument proceeds as follows: The ALJ purported to find Dr. Huckell's functional assessments persuasive. *See* Tr. 69. Among Dr. Huckell's conclusions was that Plaintiff should avoid repetitive reaching, which Plaintiff understands to refer to both overhead and lateral reaching. ECF No. 7-1 at 12. Nevertheless, the ALJ only limited Plaintiff to frequent overhead reaching with his right arm. Tr. 61. Plaintiff contends that the ALJ "failed to provide adequate analysis as to why Dr. Huckell's limitation was consistent with [the] RFC." ECF No. 7-1 at 13.

Plaintiff's argument is premised on a misinterpretation of the ALJ's decision. As a general matter, the ALJ found Dr. Huckell's opinion "partially persuasive," Tr. 69, but he expressly rejected Dr. Huckell's restriction on reaching. Instead, the ALJ adopted the view of independent medical expert John Kwock, M.D., who opined that Plaintiff could reach overhead frequently with his right arm. Tr. 68-69, 129. The ALJ wrote:

> Dr. Kwock's opinions are more persuasive because he considered all of the claimant's impairments, while Dr. Huckell and his staff focused on the claimant's

> low back impairment. Additionally, Dr. Kwock's opinions are very specific, while Dr. Huckell and his staff's assessments that the claimant should avoid repetitive reaching, etc. are vague. The claimant's representative conceded that these assessments were vague and he indicated he tried to get the doctor to clarify his assessments, but he refused. Finally, I note that Dr. Huckell has never examined, treated, or discussed the claimant's right shoulder injury and there is no basis in his treatment record to support reaching limitations associated with the claimant's back impairment. Dr. Huckell agreed with the Functional Capacity Evaluation, but that assessment was internally inconsistent and was not consistent with the medical record.

Tr. 69. Because the ALJ did not adopt Dr. Huckell's opinion with respect to reaching, he could not have erred by "fail[ing] to provide adequate analysis as to why Dr. Huckell's limitation was consistent with [the] RFC." ECF No. 7-1 at 13.

Remand is not warranted.[3]

   b.  **Sentence-Six Remand**

Plaintiff asks that for a "sentence six" remand based on new evidence. He submits an electromyographic examination report dated September 12, 2023—more than nineteen months after the ALJ issued his decision on February 4, 2022. ECF No. 7-2 at 1-2. Plaintiff has not shown that a sentence-six remand is appropriate.

Sentence six of 42 U.S.C. § 405(g) provides that the district court may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Under that provision, "the district court remands the action without making any substantive ruling as to the correctness of

---

[3] While Plaintiff asserts that Dr. Huckell's restriction is supported by the record, *see* ECF No. 7-1 at 13-15; ECF No. 11 at 1-3, he does not develop any argument that the ALJ's acceptance of Dr. Kwock's position was erroneous. *See* ECF No. 7-1 at 16. It is the latter, not the former, that is relevant for present purposes. *See Chandra M. v. Comm'r of Soc. Sec.*, No. 20-CV-1493, 2023 WL 2601970, at *3 (W.D.N.Y. Mar. 22, 2023) ("A claimant cannot obtain remand merely by citing evidence that arguably supports more restrictive limitation; she must articulate how the ALJ's contrary finding was erroneous." (internal quotation marks, brackets, and ellipsis omitted)). Again, Plaintiff's argument appears to rest on the erroneous assumption that the ALJ "found both [Dr. Kwock's and Dr. Huckell's] opinions" to be of equal persuasiveness, which would have required the ALJ to reconcile their opinions. ECF No. 7-1 at 16.

the Commissioner's decision and retains jurisdiction over the action pending further development and consideration by the ALJ." *Salce v. Acting Comm'r of Soc. Sec.*, No. 21-CV-7261, 2022 WL 2532191, at *1 (S.D.N.Y. Apr. 18, 2022) (internal quotation marks omitted). "To justify an order requiring the Commissioner to consider additional evidence, (1) the proffered evidence must be new and not merely cumulative of what is already in the record, (2) it must be material, and (3) the claimant must show that good cause existed for her failure to present the evidence earlier." *Hairston-Scott v. Comm'r of Soc. Sec.*, No. 20-758, 2021 WL 3777581, at *2 (2d Cir. Aug. 26, 2021) (internal quotation marks omitted). Evidence is only material if, among other things, it is "relevant to the claimant's condition during the time period for which benefits were denied." *Id.* (internal quotation marks and brackets omitted). Plaintiff bears the burden of making the necessary showing. *See Barnaby v. Comm'r of Soc. Sec.*, No. 17-CV-399, 2018 WL 4522057, at *12 (N.D.N.Y. June 6, 2018).

Plaintiff has not met his burden of showing that the electromyographic examination report is relevant to the time period for which benefits were denied. The report is dated more than nineteen months after the relevant period. *See* ECF No. 7-2 at 1; Tr. 73. The report presents a snapshot picture of Plaintiff's condition on the date of September 12, 2023, and nothing indicates that the findings relate back to the relevant period. Although Plaintiff asserts that this "new evidence establishes that [his] symptoms in his right arms may have been worse than assumed by Dr. Kwock and the ALJ," ECF No. 7-1 at 19, he points to no record evidence that would link the findings in the report to his condition as it existed on or before February 4, 2022. The October 2, 2023 treatment note that Plaintiff has submitted with his reply brief contains no indication, explicit or implicit, that Plaintiff's then-existing condition relates back to the relevant period. ECF No. 11-1; *see also, e.g., Blake v. Colvin*, No. 14-CV-52, 2015 WL

3454736, at *12 (D. Vt. May 29, 2015) (doctor's assessment, which occurred approximately twenty months after the ALJ's decision, was not "material" for purposes of a sentence-six remand, where the doctor rendered opinions about claimant's present condition and made "no attempt to connect his opinions about [the claimant's] functional limitations to the relevant period"). Plaintiff's speculation of a link is insufficient to support his claim of materiality.

Accordingly, a sentence-six remand is not warranted.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 7) is DENIED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: April 23, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York